(No. 3718—

WAYNE MELLON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 12, 1946.*

JOHN T. REARDON, of Quincy, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, C. J.

On May 29, 1941, the claimant, Wayne Mellon, while in the employ of the respondent, and while standing on a scaffolding painting a bridge, slipped and fell, injuring his back and left hip. He alleges that he has incurred medical bills in the amount of $150.00; that his earnings during the year immediately preceding the accident were $1,200.00; and that he has received on account of temporary total disability $138.84. He seeks an award for medical services, for additional total temporary, and for complete and permanent disability.

At the time of the injury the employer and employee were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of claimant's employment.

Immediately following the accident, claimant was taken to the office of Dr. A. R. Denny at Perry, Illinois, and at the order of Dr. Denny, claimant was taken by

ambulance to St. Mary's Hospital in Quincy, where he remained under the care of Dr. J. E. Miller until June 20th. He then returned to his home.

Various doctors treated the claimant after his discharge from the hospital on June 20th. They were unable to find any objective symptoms. Despite this fact, the Division arranged for further treatments in the hope of obviating the complaints, and claimant was paid for temporary total disability for the period of May 30th to August 31st, 1941. The respondent also paid all medical and hospital treatments in the total amount of $332.98.

The claimant, testifying in his own behalf, stated that he lives with his sister on a farm of ninety acres; that since the injury on May 29, 1941, he worked for ten days sorting apples at an orchard, and has worked on his own farm with his father, taking care of cattle and hogs, and planting and cultivating the fields. He stated that he could not ride a tractor, but could ride a gang plow; that prior to his injury and his employment by the respondent, he had done general farming; that since his injury there were numerous farm operations which he is unable to do.

It is clear from the record that claimant is not entitled to an award for medical expenses since these were all paid by the respondent. It is also clear that claimant is not entitled to further payments on account of temporary total disability since he was advised on August 20, 1941, that he was able to return to work, and since the respondent did not terminate the compensation payments until August 31, 1941.

It is also clear from the record that claimant is not entitled to an award for total permanent disability. There is no doubt that claimant received an injury which arose out of and in the course of his employment, but

from his own testimony, he has been, and is able to do farm work.

There is no showing in the record as to any difference between the average amount which claimant earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business since the accident. Under paragraph (d) of Section 8 of the Workmen's Compensation Act of this State, in the absence of such a showing, no award can be made for partial incapacity. (*Evans* v. *State,* 13 C. C. R. 65; *Doyle* v. *State,* 13 C. C. R. 179.)

Since claimant has failed to establish his claim for either total permanent disability or partial permanent disability, and since the record shows that his medical expenses and compensation for total temporary disability have been fully paid by the respondent, an award is denied.

Case dismissed.